# ORPHANS' COURT OF BALTIMORE CITY

Filed February 1, 1892.

## IN THE MATTER OF THE ESTATE OF SARAH HARRIS LEE, DECEASED.

Changed by Act of 1892, C. 571, Art. 93, Sec. 32.

LINDSAY, GANS, J.J.—

In the matter of the estate of Sarah Harris Lee, deceased.

This is an application by petition of William Lee for letters of administration on the estate of Sarah H. Lee, his wife, now deceased.

The petition is based upon the statute codified in the Code of Public General Laws, Vol. II, Art. 93, Sec. 32.

The court is satisfied from the sworn testimony of William Lee that he was the lawful husband of the said Sarah H. Lee; that she died intestate without leaving any child, or children, or descendants, and that she left no debts for which she was legally liable.

We are therefore of the opinion that whatever personal property she owned or was entitled to, vested at her death absolutely in her husband, and that in this, as in all similar cases, there is no necessity for him to take out letters of administration in order to pass the title of her property to him and have the same delivered or paid over to him.

In this case, clearly, there would be nothing remaining in the wife to administer on, but everything would be already in the husband.

Where it is doubtful to the court, or where the court is not satisfied from

the evidence as to the truth of the above facts, we have the power to grant the letters prayed for; but, in the absence of such doubt, or the presence of such satisfaction, the court has equally the power to refuse to grant them.

Indeed, it is conceded that the court, in such cases, is not *bound* to grant letters, but *may* do it. We think, from the wording and general tenor of the statute, that this matter is left to the sound discretion of the court, in order that persons may not needlessly be forced, in all cases, to bear the expenses of administering the estate, but that the court may discriminate.

This particular case does not differ, except perhaps in clearness of evidence touching the facts referred to, from any others belonging to the same general class. The difficulty in ascertaining with absolute certainty, either by the bank where the money (if this is the character of the estate) is deposited, or by the court to which the application is made for letters, is in all cases very much the same; and for the court to feel itself constrained, for this reason, to grant the letters, would be, as we have reason to believe, to ignore and treat as a nullity in this view the whole statute, for in this view each case would have the same claim for letters, and the court would have no discretion.

It is not correct to say, we think, that, where the bank refuses in such cases to pay over the money, the party so refused has no other remedy. This is putting it too strongly. His right remains to sue the bank and thus through judgment obtain his property; or, in most cases, he may reach the same result in a speedier way by giving to the bank a bond of indemnity.

That there is more or less risk in the payment of moneys of this kind by the bank in many cases under this statute we fully concede; but we think that this lies in and arises from the law itself and not in the courts, and that the only real and effectual remedy would have to come from the legislature, in so amending the statute as to determine in a clear and positive way what kind and amount of evidence as to the non-existence of children or descendants and debts, shall be sufficient to justify and adequately protect the bank

in paying over to the husband, in these cases, the moneys deposited in it due and owing to the estate of the deceased wife without administration.

In harmony with this opinion, the court, this 30th day of January, 1892, refuses to grant the prayer of the petitioner in this case and dismisses his petition.